NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MALCOLM RANDALL BADGERS,      )
                             )
          Appellant,          )
                             )
v.                           )          Case No. 2D17-3488
                             )
STATE OF FLORIDA,             )
                             )
          Appellee.           )
_____ )

Opinion filed March 20, 2019.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

Malcolm Randall Badgers appeals the judgment and sentence imposed

following the revocation of his probation in two cases that had been transferred from

juvenile to adult court.  We affirm in all respects except that we remand for the trial court

to correct both the written judgment and the revocation order. Badgers correctly points out that the written judgment contains a scrivener's error; it improperly classifies attempted burglary of an unoccupied dwelling as a second-degree felony when it is, in fact, a third-degree felony. See Morgan v. State, 228 So. 3d 681, 681 (Fla. 2d DCA 2017) (treating the incorrect classification of an offense as a scrivener's error and remanding for correction). Badgers also correctly points out that the trial court's written revocation order failed to specify the conditions of probation that he was found to have violated. See T.M. v. State, 233 So. 3d 1275, 1275 (Fla. 3d DCA 2017) ("[T]he law is well-settled: if the trial court revokes a juvenile's probation, the court is required to render a written order setting forth the conditions of probation that were violated."). The State concedes that remand for the correction of the revocation order is appropriate. See id. Accordingly, we affirm but remand for the trial court to correct the scrivener's error in the written judgment and enter a written revocation order setting forth the specific conditions of probation that Badgers was found to have violated.

Affirmed and remanded with instructions.

BLACK and BADALAMENTI, JJ., Concur.